UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HOWARD A. MONIZ,

        Petitioner,

v.                                              CASE NO. 2:05-CV-71699
                                             HONORABLE  MARIANNE O. BATTANI

KENNETH McKEE,

        Respondent.

_____/

ORDER
(1) TRANSFERRING PETITIONER'S MOTION
FOR RELIEF FROM JUDGMENT TO THE COURT OF APPEALS
AS A SECOND OR SUCCESSIVE HABEAS PETITION
AND
(2) DENYING PETITIONER'S MOTION
FOR WAIVER OF FILING FEES AND COSTS

I. Introduction

This matter is pending before the Court on petitioner Howard A. Moniz' motion for relief from judgment and his motion for waiver of the filing fee for his motion for relief from judgment.  Petitioner initiated this action in 2005 by filing a petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The habeas petition challenged Petitioner's convictions for unlawfully driving away an automobile (UDAA), Mich. Comp. Laws § 750.413, second-degree home invasion, Mich. Comp. Laws § 750.110a(3), unarmed robbery, Mich. Comp. Laws § 750.530, third-degree fleeing or eluding a police officer, Mich. Comp. Laws § 257.602a(3), and resisting or obstructing a police officer, Mich. Comp. Laws § 750.479.  The Michigan Court of Appeals affirmed Petitioner's

convictions, see People v. Moniz, No. 234431 (Mich. Ct. App. July 1, 2003), and on February 27, 2004, the Michigan Supreme Court denied leave to appeal, see People v. Moniz, 677 N.W.2d 26 (Mich. 2004) (table).

In an opinion and order dated September 25, 2007, this Court denied Petitioner's habeas corpus petition after concluding that the state appellate court's decision was not contrary to, or an unreasonable application of, Supreme Court precedent. The Court certified two issues for appeal: (1) whether the trial court deprived Petitioner of his constitutional right to represent himself and (2) whether the prosecutor's arguments, use of character evidence, and name-calling violated Petitioner's right to a fair trial. On November 12, 2009, the United States Court of Appeals for the Sixth Circuit affirmed this Court's decision. See Moniz v. McKee, No. 08-1198 (6th Cir. Nov. 12, 2009) (unpublished).

Petitioner filed the pending motions on December 1, 2010. He alleges in his motion for relief from judgment that: (1) the state prosecutors acted unethically; (2) the state and federal courts have discriminated against him; (3) the language in his pleadings is protected political speech; (4) there was an illegal conspiracy to protect a corrupt and racist towing policy and to conceal outrageous governmental misconduct; (5) he is being imprisoned illegally; (6) the "demonization" of him and the denial of his rights are evidence of hateful oppression and arrogant criminality; (7) allowing Michigan to strip him of all his rights to defend himself is unjust; and (8) the federal courts have denied him the full and equal benefit of 28 U.S.C. § 2254 in violation of 42 U.S.C. § 1981.

## II.  Discussion

2

Petitioner filed his motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b).  A Rule 60(b) motion must be treated like a successive habeas petition if the movant asserts a claim of error in his state conviction.  Gonzalez v. Crosby, 545 U.S. 524, 538 (2005).  "A motion can . . . be said to bring a 'claim' if it attacks the federal court's previous resolution of a claim *on the merits*, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief."  Id. at 532 (emphasis in original) (footnote omitted).

Petitioner's motion for relief from judgment challenges his state conviction and this Court's resolution of his habeas claims on the merits.   The motion therefore asserts a "claim" and must be treated as a successive habeas petition.  Section 2244(b)(3)(A) of Title 28, United States Code, requires habeas petitioners who wish to file a second or successive petition to ask the appropriate court of appeals for an order authorizing the district court to consider the petition.   Because Petitioner has not acquired permission from the Court of Appeals to file a second or successive petition,  the Clerk of Court is **ORDERED** to transfer Petitioner's motion for relief from judgment [Dkt. #77] to the Court of Appeals for a determination of whether this Court is authorized to adjudicate Petitioner's claims.  Petitioner's motion for wavier of filing fees and costs [Dkt. #78] is **DENIED** as unnecessary, because there is no fee for filing motions in this Court.

                s/Marianne O. Battani
                MARIANNE O. BATTANI
                UNITED STATES DISTRICT JUDGE

Dated: April 12, 2011

CERTIFICATE OF SERVICE

     I hereby certify that on the above date a copy of this Order was served upon the Petitioner, Howard A. Moniz via ordinary U.S. Mail and Counsel for the Respondent, electronically.

                                                    s/Bernadette M. Thebolt
                                                  Case Manager